DocuSign Envelope ID: 1DD6DA8C-DDFB-4274-9970-D557682A73A6
Filing # 49824329 E-Filed 12/08/2016 07:38:24 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY

| | |
|---|---|
| ROBERT BOBBY RENE<br><br>PLAINTIFF,<br><br>VS.<br><br>KEN LAWSON, SECRETARY DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, in his Official Capacities: TIRSO MARTINEZ, Commissioner, Florida State Boxing Commission, in his Official and Individual Capacity and MARCH LOPEZ, Commissioner, Florida State Boxing Commission, in his Official and Individual Capacity; STEVEN BULINSKI, Investigator for DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION and PAUL UZIALKO, Investigator for DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION<br><br>DEFENDANTS. | CASE NO:<br>Division:<br><br><br><br>**VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

### JURISDICTION AND VENUE

1. This is an action for monetary, declaratory, and injunctive relief pursuant to 42 U.S.C. §1983 and §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Florida law.

2. This action is brought as a result of a series of compliance inspections conducted by inspectors from the Department of Business & Professional Regulation ("DBPR") and the resulting administrative proceedings before the Florida State Boxing Commission.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

3. These compliance inspections targeted an African-American and minority-owned business that housed legitimate, respected business, held events and that served the African- American community.

4. These racially targeted compliance inspections violated the guarantees of the United States Constitutions against racial and age discrimination.

5. This Court has jurisdiction as Plaintiff's claims are brought to redress deprivations, under color of state authority, of rights, privileges and immunities secured by the United States Constitution that occurred in Orange County, Florida and money damages exceed $15,000.00.

6. Venue is proper as all of the acts and/or omissions complained of herein occurred in Orange County, Florida.

7. All conditions precedent have been met including but not limited to notice to FLORIDA DEPARTMENT OF FINANCIAL SERVICES.

## PARTIES

8. Plaintiff Shihan Robert Bobby Rene, during all times mentioned in this action, was and still is a citizen of the United States and a resident of Florida. Mr. Rene is the owner of Rene's Dynamic Sports Center d/b/a Dynamic Fighting Championship located in Orange County, Florida. Mr. Rene is African-American.

9. Defendant Ken Lawson is the Department of Business and Professional Regulations current Secretary. The Secretary is responsible for setting policies and procedures of the Department of Business and Professional Regulations; and the training and supervision of his Department's inspectors. Defendant Ken Lawson is sued in his official capacity.

10. Defendant Tirso Martinez is a Commissioner for the Florida State Boxing Commission and he is sued in his Official and Individual Capacity.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

11. Defendant March Lopez is a Commissioner for the Florida State Boxing Commission and he is sued in his Official and Individual Capacity.

12. Steven Bulinski, Investigator for DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION and Paul Uzialko, Investigator for DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION are agents of DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION and participated in these inspections.

## FACTUAL ALLEGATIONS

13. For more than 45 years, Shihan Robert B. Rene, the founder of Dynamic Fighting Championship (DFC), has been doing amateur and professional demonstrations and competitions.

14. Mr. Rene's business is highly respected and the sanctioned events are held at least two times a month and is major source of income for Mr. Rene's business.

15. The sanctioned events have always been healthy, safe and productive for young children, teens and seniors who are all participants for DFC at Rene's Dynamic Sports Center.

16. Furthermore, Mr. Rene is one of a few or the only African-American males in the state of Florida that owns a business that is a sanctioning agent for amateur MMA, amateur boxing and amateur kickboxing shows.

17. Mr. Rene and DFC has no history of complaints or non-compliance with DBPR and Florida Boxing Commission.

18. Mr. Rene has been deprived on his ability to operate his business for nearly a whole year as a result of the discriminatory inspections and disciplinary proceedings and these damages are ongoing.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

19. Mr. Rene's business services a predominately African-American clientele and Mr. Rene fears that these discriminatory inspections and disciplinary proceedings will continue and cause his business to suffer continued losses.

20. While Mr. Rene's business holds events and shows that has serves a variety of clients, the majority are African-American.

21. All employees who worked for Mr. Rene's business are African-American.

22. At all relevant times, Mr. Rene's business also served as a community and social center for African-American residents of a sub-community of Orlando, Florida. Because most of Plaintiffs' clientele at events and at his gym consisted of repeat customers, employees and customers knew each other well.

23. The atmosphere at Mr. Rene's events was professional, safe and never had any history of non-compliance and had a reputation of safety and professionalism.

24. On March 7, 2015, Plaintiff was the legally licensed owner of RENE'S DYNAMIC SPORTS CENTER d/b/a DYNAMIC FIGHTING CHAMPIONSHIP (DFC), located at 6145 Silver Star Road, Orlando, Florida 32808.

25. On or about March 7, 2015, Defendant STEVEN BULINSKI and PAUL UZIALKO conducted a discriminatory inspection of an amateur event at Plaintiff's business located at 6145 Silver Star Road, Orlando, Florida 32808.

26. During the inspection, Steven Bulinski, Investigator for DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION and Paul Uzialko noted several areas of alleged "non-compliance".

27. First, the Department alleged insurance policy and claim form requirements were not met on the day of the event.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

28. Nevertheless, Mr. Rene showed clear proof that this requirement was met.

29. Second, Steven Bulinski, and Paul Uzialko alleged the fight card did not meet age requirements despite the fact that the underage participant was not taking part in a fight.

30. Third, Steven Bulinski, and Paul Uzialko alleged non-compliance with medical personnel on site during the sanctioned event.

31. However, Steven Bulinski, and Paul Uzialko also noted paramedic, EMT, medical equipment and the ambulance parked outside of the event.

32. Despite the complete absence of any history of non-compliance on the part of Mr. Rene's business, Defendant DBPR proceeded to petition for the most severe sanctions against an African-American owned and frequented establishment.

33. In fact, Defendant DBPR petitioned by filing an Administrative Complaint to have Mr. Rene's business license permanently revoked, suspended, restricted, fined, reprimanded or placed on probation.

34. The Administrative Complaint included a "Notice of Rights" giving Plaintiff a right to request a formal hearing.

35. Plaintiff requested an evidentiary hearing, yet Plaintiff was summarily denied an evidentiary hearing by DBPR despite Plaintiff filing a timely, written response denying the false allegations in the Administrative Complaint.

36. Defendant DBPR also sought to assess costs and fines in an effort to economically cripple Plaintiff's business.

37. In response to several Department Complaints alleging several violations, Mr. Rene disputed the material facts and petitioned for an evidentiary administrative hearing (formal

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

hearing) pursuant to Sections 120.569(2)(a) and 120.57(1), Florida Statutes. Yet, Mr. Rene was denied the right to an evidentiary administrative hearing.

38. In December of 2015, Mr. Rene was only given an informal phone call with several members of the Commission including Defendants Tirso Martinez and Marco Lopez.

39. During the informal phone call with the Commissioners, Mr. Rene was not represented by counsel nor was Mr. Rene permitted to present any evidence in his defense.

40. During the hearing, Mr. Rene overheard several racially charged comments about his role as the agent and his active involvement in his business.

41. During the conference call, Defendants Tirso Martinez, Commissioner and March Lopez, Commissioner and other Commissioners present at the December 4, 2015 meeting, made several comments to Plaintiff that revealed the discriminatory intent of the investigations and disciplinary proceedings.

42. While on the conference call, the Commissioners made derogatory comments in a racially charged and flippant manner about Plaintiff stating "...He is a coach, promoter and he's making money."

43. Defendants Martinez and Lopez and other Commissioners present then asked, in a joking and glib manner to Plaintiff, what punishment Plaintiff thought was appropriate.

44. Defendants Martinez and Lopez and other Commissioners present proceeding to joke about taking away Plaintiff's license.

45. Defendants Martinez and Lopez and other Commissioners present told Plaintiff that the suspension would remain in effect for 60 days.

46. On the same call, Defendants Martinez and Lopez and other Commissioners present gave other businesses not owned by African-Americans a "pass" or "warning" for violations including

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

not having an ambulance on the scene of an event, having no M.D. or O.D. on the scene of the event, participants having no head gear and the event having no ring.

47. Furthermore, upon information and belief, when clients sought to find out about Plaintiff's events, Defendants told those inquiring "don't go to Rene's".

48. Defendants Martinez and Lopez and other Commissioners present then proceeded to impose sanctions despite Plaintiff being deprived of any due process in the form of an evidentiary hearing.

49. Furthermore, the Commissioners made several racially inappropriate comments and even at one point asked, in a terse and facetious manner "what punishment do you (Mr. Rene) think is appropriate?"

50. Due to the discriminatory actions of officials of the Department and the Commission, Mr. Rene and his business has deteriorated and he has suffered loss to his reputation in the community and the industry.

51. Mr. Rene has been prohibited from scheduling any event for the last 11 months.

52. Thereafter, Defendant DBPR filed subsequent Administrative Complaints as a result of Defendants' wrongful and discriminatory deprivation of Plaintiff's license from the January 5, 2016 order from the Florida Boxing Commission.

53. Upon information and belief, Plaintiff is aware that Defendants have not taken similar actions against businesses with non-African-American ownership.

54. Defendants' actions have a disparate impact upon Plaintiff's African-American owned businesses.

55. Despite the complete absence of any history of non-compliance by Plaintiff, the stark disparity of the racial make-up of Plaintiff's business and the unusually aggressive conduct of

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

DBPR and the Florida Boxing Commission indicate that Defendants' decision to target Plaintiff's business in the manner they did was based in part, or in whole, on the race of Plaintiff, his age and Plaintiff's clientele.

56. The inspections and disciplinary proceedings by DBPR and Florida Boxing Commission trampled on Plaintiff's right to Equal Protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution, providing that the government cannot target individuals or businesses for investigation on the basis of race.

57. Plaintiffs brings this case to seek compensation, to obtain a declaration that Defendants' acts were unlawful, and to enjoin Defendants from conducting further discriminatory inspections that have a disparate impact and from applying their policies that resulted in the violations of constitutional rights alleged herein

58. The DBPR has not conducted similar inspections and disciplinary proceedings with non-African-American owners with similar businesses and licenses in Florida.

59. Upon information and belief, while DBPR inspectors were supposedly verifying Plaintiff's compliance with certain regulations, they conducted the inspections and disciplinary proceedings in a discriminatory manner with a disparate impact on African-American owned businesses such as those owned by Mr. Rene.

60. Rene's Dynamic Sports Center is located in a predominately minority inhabited area and is owned, operated and/or frequented by minorities.

61. DBPR decision to target Mr. Rene's business was based in part, or in whole, on Mr. Rene's race and the race of the business's participants and the race of the clientele.

62. Upon information and belief, Defendants have not targeted similarly situated white owned and operated businesses for inspection and discipline over similar claims.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

63. Upon information and belief, the DBPR and Florida Boxing Commission has not consistently investigated and issued similar violations and imposed similar sanctions to similarly situated white-owner business regarding the same alleged conduct.

64. The DBPR denied the opportunity to cure the alleged violations and further denied the opportunity for hearing.

65. Mr. Robert Rene is a member of a protected class, he has suffered from an adverse action and he was treated different from similarly situational members of the unprotected class.

66. Finally, the Department and Commission has impaired Mr. Rene ability to perform his business and contractual obligations.

67. Mr. Rene's business has quickly declined following the discriminatory inspection and discipline.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of the Fourteenth Amendment; 42 U.S.C. §1983**

**(Plaintiff against Defendants in their individual capacities)**

68. Plaintiff re-alleges and incorporates the foregoing paragraphs 1 through 67 as if set forth herein.

69. Defendants' actions described herein violated the rights of Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by depriving Plaintiff of his right to equal protection under the law.

70. Defendants' actions deprived Plaintiff of his right to equal protection under the law by selecting Plaintiff's business for inspection and subsequent harsh discipline on the basis of Plaintiff's race and the race of the owners, employees, and/or clientele at Plaintiff's business.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

71. Upon information and belief, Defendants' selection of Plaintiff's business for a compliance inspection was motivated by discriminatory intent, and Defendants unequally applied the laws for the purpose of discriminating against Plaintiff based on his race.

72. Plaintiff's business is the sole business in the market area that is owned and operated by African-Americans and has an overwhelming majority, African-American clientele, and no Caucasian-owned businesses located in the same vicinity and providing the same services were ever targeted by Defendants.

73. As to Defendant Lawson, he was personally involved in and engaged in the authorization, planning and ratification of the investigation conducted by agents and employees of the DBPR acting within his control and at his direction, which resulted in the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment.

74. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. §1983.

75. As a direct and proximate result of the wrongful and unlawful actions of these Defendants, Plaintiff has suffered public shame and humiliation, past and future emotional harm, and past and future economic harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the Defendants, together with reasonable attorney's fees and cost pursuant to 42 U.S.C. §1983, and a trial by jury on all issues so triable.

## SECOND CAUSE OF ACTION
### Violation of the Fourteenth Amendment; 42 U.S.C. §1983
### (All Plaintiffs against Defendants in their official capacities)

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

76. Plaintiffs re-allege and incorporate the foregoing paragraphs 1 through 67 as if set forth herein.

77. Defendants' actions described herein violated the rights of Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by depriving Plaintiff of his right to equal protection under the law.

78. Defendants' actions deprived Plaintiff of his right to equal protection under the law by selecting Plaintiff's business for inspection and discipline on the basis of Plaintiff's race and the race of the owners, employees, and/or clientele at Plaintiff's business and events.

79. Upon information and belief, Plaintiff was and continues to be targeted by Defendants for inspection and discipline on the basis of race and were treated differently from similarly situated businesses owned and operated by Caucasians.

80. Upon information and belief, Defendants' selection of Plaintiff's business for an inspection was motivated by discriminatory intent, and Defendants unequally applied the laws for the purpose of discriminating against Plaintiff based on their race. No Caucasian-owned businesses located in the same vicinity and providing the same services were ever similarly targeted or disciplined by Defendants.

81. Defendants were personally involved in the selection of Plaintiffs' business for inspection and discipline.

82. As to Defendant Lawson, he is the final policy and decision-maker. The policies created or approved by Defendant Lawson in his official capacity, as well as the decisions made or approved by Defendant Lawson in his official capacity, constitute final policies and decisions rendered by his office.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

83. As to Defendant Lawson, he ordered or personally approved a subordinates order or decision to conduct a racially motivated inspection on Plaintiff's business and treat them differently from how Defendant Lawson or his employees treat similarly situated business owners by intentionally and arbitrarily enforcing Florida law regarding inspections, discipline and fines.

84. As to Defendant Lawson, in his supervisory position and final policy-maker of the DBPR, he promulgated an official policy that caused the constitutional misconduct as alleged and had knowledge of such customs and policies in his official capacity at the policy level-making official for the DBPR.

85. As to Defendant Lawson, he, as the policy level-making official for the municipality, consciously and deliberately failed to train and/or supervise inspectors or Defendants on the proper protocol and procedures in conducting inspections and discipline without violating federal Civil Rights laws or causing harm to Plaintiff.

86. Defendant Lawson, as authorized decision-makers of the municipality intentionally deprived Plaintiff of federally protected rights, and the actions taken and directed by them as authorized decision-makers for the municipality violate federal Civil Rights law.

87. Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or which reasonable public officials should have known, rendering Defendants liable to Plaintiff under 42 U.S.C. §1983.

88. Upon information and belief, the statements and actions and/or inactions of DBPR officials and employees, and DBPR officials and employees directly preceding and following the inspections indicate that DBPR was involved in the planning and execution of the inspection, and subsequently ratified the racially motivated discipline, including the manner in which Plaintiff's business was disciplined.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

89. As the foreseeable, proximate, and direct result of Defendants', or their subordinates

intentional, arbitrary, malicious, bad faith and irrational discriminatory treatment of Plaintiff, at

Defendants' direction or with their approval and the resulting violation of Plaintiff's Fourteenth

Amendment right to equal protection of the law, Plaintiff has suffered public shame and

humiliation, past and future emotional harm, and past and future economic harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against

the Defendants, together with reasonable attorney's fees and cost pursuant to 42 U.S.C. §1983, and

a trial by jury on all issues so triable.


## THIRD CAUSE OF ACTION

### Violation of the Fourth Amendment; 42 U.S.C. §1983

### (All Plaintiffs against Defendants in their individual capacities)

90. Plaintiffs re-allege and incorporate the foregoing paragraphs 1 through 67 as if set forth

herein.

91. Defendants' actions described herein violated the rights of Plaintiffs under the Fourth

Amendment to the United States Constitution by subjecting Plaintiffs to racially motivated

discipline.

92. Defendants were personally involved in the selection of Plaintiff's fine and suspension

following an informal conference call during a meeting of the Commissioners and personally

participated in Plaintiff's deprivation of rights.

93. Defendants' conduct violated clearly established constitutional or other rights, of which

Defendants knew, or which reasonable public officials should have known, rendering Defendants

liable to Plaintiff under 42 U.S.C. §1983.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

94. As a direct and proximate result of the wrongful and/or unlawful actions of these Defendants, Plaintiff has suffered public shame and humiliation, past and future emotional harm, and past and future economic harm.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against the Defendants, together with reasonable attorney's fees and cost pursuant to 42 U.S.C. §1983, and a trial by jury on all issues so triable.

## FOURTH CAUSE OF ACTION

### For Declaratory Relief

95. Plaintiffs re-allege and incorporate the foregoing paragraphs 1 through 67 as if set forth herein.

96. There is a real and actual controversy between Plaintiff and Defendants regarding whether Defendants may take actions as alleged herein. Plaintiff contends that Defendants have violated the Constitution and laws of the United States and Florida and Plaintiff anticipates that Defendants will deny these contentions. Plaintiff fears that he will again be subjected to such unlawful and unconstitutional actions by Defendant Lawson and his staff, as well as Defendants from the Florida Boxing Commission.

97. As to Defendants and Defendant Lawson, Plaintiff seeks a judicial declaration against the agency that employs these Defendants, specifically the Florida Boxing Commission and Department of Business and Professional Regulation, to the extent that Defendants' conduct has deprived, and continues to deprive, Plaintiff of his rights under the Constitution and laws of the United States.

WHEREFORE, Plaintiff respectfully requests that the Court enter a declaration, to the extent the Court finds that state statutes, regulations, or the DPBR or Florida Boxing Commission policy

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

authorized Defendants' conduct, that those state statutes, regulations, or policies are unconstitutional under the Fourth Amendment to the United States Constitution and award attorney's fees and cost and all other relief this Court deem proper.

## FIFTH CAUSE OF ACTION

### Injunctive Relief

98. Plaintiff re-allege and incorporate the foregoing paragraphs 1 through 67 as if set forth herein.

99. As a direct and proximate cause resulting from Defendants' conduct, Plaintiff has suffered irreparable emotional and economical harm and a loss of standing and reputation in the community.

100.      The injury suffered by Plaintiff is unique in nature. More specifically, the harm to his reputation in the community as a law abiding business owner.

101.      Plaintiffs have no assurance that any such inspections and disciplinary proceedings have been permanently suspended by DBPR and are therefore in perpetual fear of being repeatedly targeted.

102.      Monetary compensation would not be adequate and Plaintiff has no other adequate remedy at law to address Defendants' past conduct, current conduct and possible future conduct, of conducting inspections and disciplinary proceedings that have a disparate impact on businesses with a racial make-up of the owners and/or clientele similar to Mr. Rene's business, and prevent likely future conduct, unless and until Defendants are enjoined by this Court. Plaintiff has and will continue to cause irreparable injury to Plaintiff.

103.      Plaintiff suffered a unique injury in that he was the subject of this kind of discriminatory inspection and disciplinary proceedings by DBPR.

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

104.     Upon information and belief, the statements of Defendants, following the racially targeted and motivated inspections and discipline indicate that Plaintiff will continue to be targeted by discriminatory motivations and similar acts in the future.

105.     Solely Monetary compensation or other remedies at law would be insufficient and inadequate to address injury to Plaintiff and irreparable harm and injury will result in the absence of an injunction being granted by the Court in that similar discriminatory inspections and discipline will not be conducted and continuously violate Plaintiff's constitutional rights.

106.     Plaintiff have and will continue to face irreparable injury if injunctive relief is not granted.

WHEREFORE, Plaintiff demands judgment entered against Defendants:

a.     As to Defendant Lawson, a preliminary and permanent injunction prohibiting him, in his official capacity as Secretary, and the DPBR from conducting administrative inspections and Florida Boxing Commission from imposing discipline as described herein or any pending or future discipline and an injunction lifting any current suspensions against Plaintiff's licenses;

b.     Award Plaintiff actual and/or nominal damages against Defendants;

c.     Award Plaintiff attorney's fees and cost; and

d.     Retain jurisdiction of this case and grant all other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to Counts 1 through 5.

Dated: 12/8/2016 _____

Respectfully submitted,

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6

ALLEN & DAWSON, PLLC
390 North Orange Ave., Suite 2300
Orlando, FL 32801
Telephone (407) 792-6021
Fax: (407) 730-3584

_Rasheed Karim Allen_

Rasheed Karim Allen, Esq.
Florida Bar No. 0088525
Email: rasheed@allen-dawson.com
Web: www.allendawsonlaw.com
Counsel for Plaintiff SHIHAN ROBERT B. RENE

## VERIFICATION BY SHIHAN ROBERT BOBBY RENE

Under penalties of perjury, I declare that I have read the above Pleading and foregoing and that the facts stated in it are true to the best of my personal knowledge and belief

By: _____

**SHIHAN ROBERT BOBBY RENE**
Owner of RENE'S DYNAMIC SPORTS CENTER
D/b/a DYNAMIC FIGHTING CHAMPIONSHIP

STATE OF FLORIDA

COUNTY OF ORANGE

The foregoing pleading was acknowledged before me this _2nd_ day of _december_ 2016 by SHIHAN ROBERT BOBBY RENE as owner of RENE'S DYNAMIC SPORTS CENTER

D/b/a DYNAMIC FIGHTING CHAMPIONSHIP who is personally known to me or has produced the following identification: _FL drivers license_

_____

Notary Public, State of Florida

My Commission Expires:

_01/26/2020_

ARIANNA BARTOLOTTA
MY COMMISSION #FF954608
EXPIRES: JAN 26, 2020
Bonded through 1st State Insurance

DocuSign Envelope ID: 1DD6DA8C-DDEB-4274-9970-D557682A73A6