ROBERT BOBBY RENE,

      Plaintiff,

v.                                     Case No:   6:17-cv-120-Orl-31DCI

KEN LAWSON, TIRSO MARTINEZ,
MARCH LOPEZ, STEVEN BULINSKI,
PAUL UZIALKO, USA BOXING,
FLORIDA GOLD COAST
ASSOCIATION OF USA BOXING, INC.
and BOB NICHOLSON,

      Defendants.

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss Plaintiff's

Amended Complaint (Doc. 15) filed by Defendants Ken Lawson, Tirso Martinez, March Lopez,

Steven Bulinski, and Paul Uzialko, as well as the response in opposition (Doc. 19) filed by the

Plaintiff, Robert Bobby Rene ("Rene").

### I.     Background

According to the allegations of the Amended Complaint (Doc. 13), which are accepted in

pertinent part as true for purposes of resolving the instant motion, the Plaintiff owns Rene's

Dynamic Sports Center, a martial arts organization that does business as "Dynamic Fighting

Championship."   Lawson, at the time this suit was filed, was the Secretary of the Florida

Department of Business and Professional Regulation ("DBPR").   (Doc. 13 at 2).   Martinez and

Lopez are commissioners with the Florida State Boxing Commission.   (Doc. 13 at 2-3).   Bulinski

and Uzialko are investigators for the DBPR.   (Doc. 13 at 3).   The remaining Defendants are not identified in the Amended Complaint.

## II.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The Court must also limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1302 (11th Cir. 2007).   Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.

Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."

*Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.     Analysis

Rene filed this suit in state court on December 8, 2016, suing only the five Defendants who have filed the instant motion (henceforth, collectively, the "Movants"). (Doc. 2 at 1). Rene, who is African-American, contended that the DBPR had subjected him to "racially targeted compliance inspections" and discriminatory disciplinary proceedings before the Florida Boxing Commission. In the original complaint (Doc. 2), he asserted the following claims: a Section 1983 equal protection claim against the Movants in their individual (Count I) and official (Count II) capacities; a Section 1983 Fourth Amendment claim against the Movants in their individual capacities (Count III); a declaration that certain unspecified state statutes, regulations and/or policies are unconstitutional (Count IV); and an injunction prohibiting the Movants from "conducting administrative inspections and … imposing discipline as described herein" (Count V). Based on the Section 1983 claims, the Movants removed the case to this court on January 25, 2017. (Doc. 1).

A week after removing the case, the Movants sought dismissal of the complaint. (Doc. 7). In that first motion to dismiss, the Movants set forth numerous grounds for dismissal. Among others, they argued that the complaint was an impermissible "shotgun" pleading, in that it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and asserted multiple claims against multiple defendants without specifying

which defendants were responsible for which acts or omissions.   (Doc. 7 at 4).   They also

contended that the complaint improperly sought monetary damages from defendants who had been

sued in their official capacities.   (Doc. 7 at 5-6).   The Movants contended that the complaint

failed to state a Section 1983 equal protection claim because the facts alleged, even when assumed

to be true, did not demonstrate that Rene had been treated differently than similarly situated

persons or that any defendant had unequally applied laws in regard to him.   (Doc. 7 at 6-8).   The

Movants sought dismissal of Count III, the Fourth Amendment claim, on the grounds that Rene

had failed to properly allege that he had been subjected to an improper search.   (Doc. 7 at 9).

The Movants argued that Counts IV and V should be dismissed because declaratory and injunctive

relief are remedies, not independent causes of action.   (Doc. 7 at 9).   And the Movants argued

that the injunctive relief sought was improper because it sought only to require them to "obey the

law."   (Doc. 7 at 10).

Rene failed to respond to the initial motion to dismiss.   On March 3, 2017 – two weeks

after Rene's deadline for a response had passed – the Court examined the motion, found that it

appeared to be meritorious, and granted it.   (Doc. 10 at 1).

Rene was given until March 20, 2017 to file an amended complaint.   (Doc. 10 at 1).   On

that date, he sought a thirty-day extension.   (Doc. 11 at 2).   In seeking the extension, Rene's

counsel made the following representation to the Court:

> After carefully reviewing all the claims and receiving new evidence,
> the Plaintiff has determined that it will be necessary to submit
> additional declarations in order to fully and properly address each of
> those claims. Due to the number and apparent complexity of the
> claims, additional time is needed for this purpose. Plaintiff also
> needs additional time to review the evidence and interview the
> witnesses with personal knowledge of the circumstances.
>
> This requested time extension is reasonable under the circumstances
> because it will permit counsel time to sufficiently conduct additional
> interviews and research so as to adequately represent the Plaintiff.

(Doc. 11 at 1-2).   Magistrate Judge Irick granted the extension.   (Doc. 12).

Rene filed his Amended Complaint on April 19, 2017.   In that pleading, he added three Defendants – USA Boxing, Florida Gold Coast Association of USA Boxing, Inc., and Bob Nicholson.   (Doc. 13 at 1).   He added a few paragraphs of vague allegations that these new Defendants (or their agents) had threatened and defamed him, and added a sixth count, for defamation, against them.   (Doc. 13 at 18).   He also added a single sentence asserting that the Florida State Boxing Commission "has members and/or officers with associations with Defendant USA Boxing."   (Doc. 13 at 7).   In all other respects, the Amended Complaint was practically identical to the original Complaint.   Despite the representation made by Plaintiff's counsel, there were no "additional declarations" submitted along with the Amended Complaint (or subsequently), and, generally speaking, no effort was made to address the issues raised in the first motion to dismiss that had led to the dismissal of the original pleading.

Two weeks later, the Movants filed the instant motion.   Pointing out that no changes had been made in regard to the counts targeting them, the Movants repeated their earlier arguments: that the Amended Complaint was a shotgun pleading, that it improperly sought damages from individuals sued in their official capacity, that it failed to state an equal protection claim, and so on.   This time, counsel for Rene has filed a response (Doc. 19) to the motion to dismiss. However, the response utterly fails to address the arguments raised by the Movants.   The substance of the response consists, for the most part, of blanket denials that the Movants' various arguments are valid – although several of those arguments are not addressed even to this limited extent –followed by a reiteration of the allegations made in the Amended Complaint.   No effort is made to explain how those repeated allegations address the Movants' arguments.[1]

---

[1] The Plaintiff also spends a substantial portion of his 8-page response arguing against

In sum, then, after filing a defective pleading and having it dismissed, counsel for the Plaintiff failed to make any substantive changes in an effort to cure the defects, despite requesting and receiving a 30-day extension to do so. And when the Defendants pointed out that the same problems plagued the Amended Complaint, Plaintiff's counsel did not offer any rebuttal or even a suggestion that the problems could be cured in a subsequent pleading. The Court again finds that dismissal is warranted. Under the circumstances described above, however, the Court concludes that providing a second opportunity to amend would be futile. *See, e.g.*, *Patel v. Georgia Dep't. BHDD*, 485 Fed. Appx. 982, 983 (11th Cir. 2012) (affirming denial of leave to amend where complaint did not include factual allegations supporting discrimination claim and plaintiff did not provide court with reason to believe he could ever do so). Accordingly, Counts I through V will be dismissed with prejudice. In addition, while the Court granted the Plaintiff permission to amend his complaint after the initial dismissal, it did not grant permission to add additional parties (or claims against additional parties). Count VI will therefore be dismissed without prejudice.

---

dismissal of the defamation count – although the Movants did not seek dismissal of that count, presumably because it did not target them. (Doc. 19at 6-7).

**IV.  Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15) is

**GRANTED**, and Counts I through V are **DISMISSED WITH PREJUDICE**.   And it is further

**ORDERED** that Count VI is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 11, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE